UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH LONG,<br><br>   Plaintiff,<br><br>  v.<br><br>GRACO CHILDREN'S PRODUCTS INC., et al.,<br><br>   Defendants. | Case No. 13-cv-01257-JD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DEFERRING MOTION TO STRIKE CLASS ALLEGATIONS** |

**INTRODUCTION**

This putative class action for deceptive practices and other consumer claims arises out of the sale and distribution of car seats for infants and children with defective harness buckles. Although initiated in 2013, the case is still in the pleading stage after partial dismissal of the first amended complaint with leave to amend. Dkt. No. 60. Plaintiff Seth Long is now on a third amended complaint ("TAC"), which defendants Graco Children's Products Inc. and Newell Rubbermaid Inc. (collectively "Graco") move to dismiss on jurisdiction grounds under Federal Rule of Civil Procedure 12(b)(1). Graco does not challenge the substance of Long's consumer claims. Instead, Graco argues that a pre-suit offer of a full refund to plaintiff and a post-suit national recall of seats with the defective buckles defeat subject matter jurisdiction in this action. The Court has carefully considered the parties' written and oral arguments, and denies the motion on the facts currently before it.

Graco also moves to strike the class allegations in the TAC. Graco contends the proposed class is overbroad and not reasonably ascertainable. The Court denies the motion without prejudice in favor of deciding these issues in the class certification context rather than at this stage of the case.

**BACKGROUND**

The core factual allegations in this case are detailed in the dismissal order for the first amended complaint and will not be repeated here. Dkt. No. 60. In a nutshell, plaintiff contends the harness buckles were unduly difficult and at times impossible to unlatch, but that Graco concealed the problem and affirmatively advertised the car seats as having a harness that "helps you get baby in and out." Dkt. No. 95 at ¶ 4.

The new allegations in the TAC focus mainly on a national recall of Graco's car seats with the defective buckles. Long alleges that, on January 14, 2014, after several months of investigation into the buckles, the National Highway Traffic Safety Administration ("NHTSA") issued a Recall Request Letter to Graco asking that it recall all model year 2009-2013 car seats equipped with the defective buckles at issue here -- the "QT" and "QT3" buckles. Dkt. No. 95 at ¶ 60. NHTSA requested that Graco provide a "free remedy" for these seats. *Id*.

In response, Graco delivered a Defect Information Report and Amended Defect Information Report to NHTSA in February 2014. *Id*. at ¶ 61. Graco advised NHTSA that it agreed to recall approximately 3.8 million seats for model years 2009 through 2013. *Id*. But it declined to recall another 1.8 million rear-facing seats equipped with bad buckles that were included in the NHTSA request. *Id*. NHTSA sent a letter to Graco objecting to the exclusion of the 1.8 million seats and acknowledging that "[b]y filing a Defect Information Report . . . Graco has confirmed that it has determined that a defect exists in its equipment and that the defect constitutes an 'unreasonable risk to motor vehicle safety.'" *Id*. at ¶¶ 63-64.

In March 2014, Graco issued a second report to NHTSA recalling an additional 403,222 seats, which included models going back to 2006. *Id*. at ¶ 65. Graco stated in the report that it "ha[d] received numerous complaints" about the performance of the buckles. In July 2014, Graco reversed course on the 1.8 million rear-facing seats and recalled them as well. *Id*. at ¶ 66.

The TAC alleges claims under the California Consumers Legal Remedies Act and Unfair Competition Law, and for breach of implied warranty under the Song-Beverly Consumer Warranty Act and the federal Magnuson-Moss Warranty Act. The putative class consists of

"California residents who purchased a Graco car seat in California, from January 1, 2009, to the present, that was equipped" with the QT or QT3 buckles. *Id.* at ¶ 71.

## DISCUSSION

### I. FRCP 12(B)(1)

Graco seeks dismissal under Rule 12(b)(1), which allows challenges for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). It has raised a factual challenge to jurisdiction. The courts in our circuit distinguish between facial and factual jurisdictional attacks under Rule 12(b)(1). "Where the motion presents a facial jurisdictional attack -- that is, where the motion is based solely on the allegations in the complaint -- the court must accept these allegations as true. Where, however, the challenge is factual -- where it is based on extrinsic evidence, apart from the pleadings -- the court may resolve factual disputes in order to determine whether it has jurisdiction." *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1247 (E.D. Wash. 2004) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987)); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (jurisdictional challenge was factual attack when it "'relied on extrinsic evidence and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings.'" (citation omitted)). A factual challenge under Rule 12(b)(1) "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

To resolve a factual attack on jurisdiction, the Court has broader power than Rule 12 usually permits to consider evidence outside the complaint. The Court may "review evidence beyond the complaint" and if it is disputed may weigh the evidence and determine the facts to assess jurisdiction. *Id*. When the motion is resolved without an evidentiary hearing, the Ninth Circuit has held that the complaint's factual allegations must be accepted as true. *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001).

"Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing

3

1  subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th
2  Cir. 2003).

## II.  SUBJECT MATTER JURISDICTION

Graco relies on evidence outside the complaint to make its arguments, and thus brings a factual challenge to jurisdiction. Graco contends subject matter jurisdiction cannot exist in this case because Long was offered full monetary compensation for his claims on two occasions. The first occurred prior to filing the lawsuit when Graco supposedly offered his wife a full refund for their car seat. The second occurred after the lawsuit started when Graco's recall drive purportedly offered claimants like Long the option of obtaining a full refund.

The gist of Graco's argument is that the refund events prevent Long from alleging a redressable injury that is essential for Article III standing. Standing under Article III is limited to plaintiffs who have suffered an injury in fact that is concrete and particularized, rather than conjectural or hypothetical, fairly traceable to action by the defendant, and that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555 (1992). "'If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.'" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citation omitted).

Whether Graco's challenge is classified as a standing or mootness attack depends on timing. "'Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Foster,* 347 F.3d at 745 (citation omitted). Graco contends that it has all the pertinent time periods covered by two district court decisions that dismissed cases under Rule 12(b)(1) for mootness and lack of standing when the plaintiff actually received or could have obtained full monetary compensation for the alleged injury. Dkt. No. 104 at 9-10; *see Amirhamzeh v. Chase Bank USA, N.A.*, No. CV 13-00527-BRO FFMX, 2014 WL 641705, at *7 (C.D. Cal. Feb. 7, 2014) (dismissing consumer claims where plaintiff received pre-litigation full refund); *Tosh-Surryhne v. Abbott Laboratories Inc.*, No. CIV S-10-2603 KJM-EFB,

2011 WL 4500880, at *3-4 (E.D. Cal. Sept. 27, 2011) (dismissing consumer claims where defendant offered plaintiff full monetary compensation in a product recall campaign).

The problem with Graco's motion is that it has failed to identify facts sufficient to raise a real dispute about jurisdiction. Specifically, Graco has failed to establish the factual predicate to its jurisdiction attack by demonstrating that it actually offered a full refund to plaintiff at any time for the defective car seats. Even assuming applicable law allows for a finding of mootness or lack of standing after an offer or delivery of full compensation, and recognizing the burden allocation on this issue, Graco does not raise a legitimate question about subject matter jurisdiction. The motion is all smoke and no fire about whether Graco actually tendered refunds to Long before or after this lawsuit started.

The facts Graco proffers on the refunds are weak. For the pre-litigation refund offer, Graco insists that the "record shows Graco offered Plaintiff a full refund" before he filed suit. Dkt. No. 104 at 9. Specifically, Graco claims that a customer service representative had a phone conversation with Long's wife in March 2012 -- almost a year before the case was filed -- and offered to refund her purchase price. *Id*. at 7. It cites the declaration of David Galambos, Graco's senior regulatory manager, as supposed proof of the refund offer. Galambos avers that a call record proves Graco offered Mrs. Long a refund. Dkt. 105 at Ex. 7. But that record is, at best, ambiguous. It is a one-page form of cursory notes captioned "Order -- Placed" that provides scant information about what transpired in the call and contains no solid evidence that Graco made a full refund offer. *Id*. Graco did not proffer evidence from the representative who handled the call showing that she offered the refund. Galambos is not able to provide that evidence because he did not participate in the call.

Against this thin showing, Long offers clear evidence that his wife was not offered a refund in March 2012. Long cites plaintiff's responses to an interrogatory from Graco, where plaintiff declares under penalty of perjury that the customer representative offered "partial, but not complete, reimbursement" if Long returned the car seat to Graco along with a purchase receipt. Dkt. No. 106 at 17. Even treating Graco's alleged facts as enough to create a jurisdiction question

1  and shift the burden to plaintiff -- in other words, giving Graco a big benefit of the doubt -- this
2  evidence is enough to overcome Graco's weak showing.

3        Graco's proffer with respect to the recall is equally weak. Graco insists that it offered a
4  full refund in the recall drive. Dkt. No. 104 at 10. The facts again show that is not true -- if
5  anything, Graco's recall theory is even less supported by the record than the March 2012 phone
6  call. Graco points to several notices it published during the recall as purported evidence of the full
7  refund opportunity. *See, e.g.,* Dkt. No. 105 at Exs. 1-6. But not one of these documents comes
8  anywhere close to showing that a refund was actually offered. These documents typically mention
9  that Graco will provide only a replacement buckle without charge. *See, e.g., id*. at Ex. 1 (2014
10 recall notice stating: "Graco offers a new and improved replacement buckle to consumers at no
11 cost."). None of the recall documents say anything at all about a refund of any sort, let alone offer
12 a full refund as a standard part of the recall program. One of Graco's notices even expressly states
13 that it was not in fact "replacing entire car seat units." *Id* at Ex. 4 (August 21, 2014, Frequently
14 Asked Questions section of Graco's website stating: "This recall only affects the harness buckle
15 on select infant car seats -- not the entire car seat. As such, we will continue to offer replacement
16 harness buckles to any concerned consumer at no cost but are not replacing entire car seat units.").
17 And Graco did not present any evidence showing that even one purchaser of the millions of car
18 seats it recalled actually received a full refund.

19       These evidentiary failures doom Graco's motion. The cases Graco cites underscores this
20 proof deficit. Those cases had clear evidence of actual payment or an actual offer of full refunds.
21 In *Amirhamzeh*, for example, the Court found that defendants actually credited plaintiff's credit
22 card account with a full refund of the disputed amount before she sued. *Amirhamzeh*, 2014 WL
23 641705, at *6-7. In *Tosh-Surryhne*, the Court found that defendant's product recall campaign
24 expressly offered not only full purchase price refunds but also free products and coupons for
25 future purchases. *Tosh-Surryhne*, 2011 WL 4500880, at *4. The facts in these cases, which show

that plaintiffs had full refunds or express offers of full refunds firmly in hand, are a far cry from the facts Graco proffers here.[1]

Consequently, the Court denies Graco's motion to dismiss for lack of jurisdiction. The denial is without prejudice based on the record presently before the Court. It is possible that further developments in this case might uncover facts that warrant revisiting the issue. Subject matter jurisdiction is an ongoing concern that applies at every stage of a case. Fed. R. Civ. P. 12(h)(3); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Graco may renew this motion if the factual record changes to address the deficiencies the Court has discussed.

The Court defers ruling on Graco's request to dismiss plaintiff's claims for injunctive relief. The gist of the argument is that Graco no longer makes the defective buckles and that the recall has provided all the non-monetary relief plaintiff could possibly obtain in this case. Dkt. No. 104 at 11-12. These arguments have facial appeal and very well may carry day. But the Court will postpone ruling on them to see how the record develops. It assures the parties it will revisit the issue down the road.

## III. MOTION TO STRIKE CLASS ALLEGATIONS

Defendants seek to strike plaintiff's class allegations under Fed. R. Civ. P. 12(f) on the grounds that the putative class is not ascertainable and that the class action is not a superior form of adjudication in light of Graco's recall. This issue will be deferred to the class certification stage to give the Court the benefit of a better developed record and arguments. "[M]any courts have recognized that the sufficiency of class allegations are better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery." *Cruz v. Sky Chefs, Inc.*, C-12-02705 DMR, 2013 WL 1892337, at *5 (N.D. Cal. May 6, 2013). *See also,*

---

[1] Graco's citations to cases involving recalls of cars are also not on point. In *Winzler v. Toyota*, a car owner's putative class action was rendered moot because Toyota's post-suit recall gave plaintiff exactly what she was requesting from the court. *Winzler v. Toyota Motor Sales U.S.A. Inc.* 681 F.3d 1208 (10th Cir. 2012). Because plaintiff requested that (1) Toyota notify all owners of the defect and (2) repair or replace any faulty parts at no cost, and the recall provided "precisely the relief" plaintiff was seeking, plaintiff got "complete relief" and the claims were therefore moot. *Id.* at 1211. In *Cheng v. BMW of N. Am., LLC*, No. CV 12-09262 GAF SHX, 2013 WL 3940815, at *2 (C.D. Cal. July 26, 2013), which had key facts "highly analogous to those in *Winzler*," the court found a claim for injunctive relief moot where an automobile recall resolved the alleged problem.

*In re Wal–Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 614–16 (N.D. Cal. 2007) ("the granting of motions to dismiss class allegations before discovery has commenced is rare"); *Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000) (defendants' motion to strike class allegations was premature because no motion for class certification had been filed).

## CONCLUSION

The motion to dismiss is denied without prejudice, and the motion to strike is deferred pending class certification proceedings.

**IT IS SO ORDERED**.

Dated:  December 17, 2014

_____
JAMES DONATO
United States District Judge