1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    SETH LONG,                                    Case No.  13-cv-01257-JD
                    Plaintiff,
8
          v.
9                                                  **ORDER RE OSC AND REFERRAL TO**
                                                   **COMMITTEE ON PROFESSIONAL**
10   GRACO CHILDREN'S PRODUCTS INC.,               **CONDUCT**
     et al.,
                                                   Re: Dkt. No. 130
11                  Defendants.

12

13          This case is a consumer class action for deceptive practices and other claims arising out of

14   the sale of defective car seats for infants and children.  On July 7, 2015, the Court issued an Order

15   to Show Cause ("OSC") why sanctions should not be imposed on defendants Graco Children's

16   Products Inc. and Newell Rubbermaid Inc. (collectively "Graco") and their counsel, Yakov

17   Wiegmann and Joseph Krasovec of the law firm Schiff Harding LLP, for arguments made in their

18   motion to dismiss this case.  The gravamen of the Court's concern is that Graco and its lawyers

19   played fast and loose with the facts in seeking to dismiss this case.  They devoted a substantial

20   portion of their motion to dismiss to arguing that the claims for damages in the complaint -- on

21   behalf of the named plaintiff and the putative class -- were moot because Graco offered full

22   purchase price refunds to purchasers of the car seats in a national product recall campaign.  Dkt.

23   No. 104.  Specifically, Graco and its lawyers argued, under headings such as "All Claims for

24   Monetary Relief Are Mooted by the Recall," that purchasers were offered "*full* relief . . . including

25   a ***full refund*** of their purchase price upon return of the product."  *Id*. at 10 (emphases in original).

26   They stated that the "highest loss any putative class member could have experienced would consist

27   of the full price of the seat the customer purchased and any expenses he or she incurred in

28   attempting to clean and/or repair a QT buckle" and that "[u]nder the recall … relief is offered now,

United States District Court
Northern District of California

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

United States District Court
Northern District of California

1 without delay, without uncertainty, and without a reduction of consumers' recoveries in the form

2 of plaintiff's attorneys' fees." *Id*. at 10-11.  The whole theme of the dismissal argument made to

3 the Court was that "the recall provides all compensatory and injunctive relief Plaintiff purports to

4 demand, and that relief is being provided now, without the need for a class trial." *Id*. at 14.

5 Graco's counsel pressed these same points at oral argument on the motion.

6       The Court denied the motion and found that Graco and its counsel failed to support these

7 representations with facts.  As the Court stated in the order denying dismissal, "[n]one of the recall

8 documents say anything at all about a refund of any sort, let alone offer a full refund as a standard

9 part of the recall program."  Dkt. No. 120 at 6.  The Court also found that Graco's representation

10 that it offered full refunds in the recall was simply "not true" in light of the documents Graco itself

11 proffered.  *Id*.  Several months after entry of the order denying dismissal, plaintiff filed a motion

12 for class certification that contained excerpts of a deposition of a Graco employee that casts even

13 more doubt on the truthfulness and accuracy of Graco's full refund representations.  Dkt. No. 129.

14 This new evidence, combined with the Court's prior findings about Graco's questionable

15 representations, led to the OSC.

16       The Court has serious concerns about the litigation tactics Graco and its lawyers have

17 pursued.  The thrust of the motion to dismiss was that the Court should dismiss this case with

18 prejudice because everyone in the putative class could easily get a full purchase price refund.  That

19 proposition, however, is without evidentiary support, and the record presented to the Court so far

20 strongly indicates that it is, at best, a gross and unwarranted exaggeration.  In response to the OSC,

21 Graco says that it never expressly misrepresented that full refunds were the primary remedy

22 offered or that all consumers automatically got one.  Dkt. No. 131.  It is true that Graco and

23 counsel were artful enough in the dismissal motion to mention other forms of relief such as a

24 replacement buckle in proximity to the full refund representations.  *See, e.g.*, Dkt. No. 104 at 10.

25 But that is precisely the conduct that concerns the Court.  It is clear from the record that Graco

26 greatly exaggerated the availability and practice of offering full refunds to purchasers in the recall

27 drive to persuade the Court to terminate this litigation.  The fact that Graco strategically laced its

1    arguments with threads of truth does not justify or excuse the substantial and misleading

2    overstatements about the refunds.

3        Our District's Local Rules set the standards expected of counsel authorized to practice

4    before its courts.  Civil Local Rule 11-4(a) requires attorneys to practice with the honesty, care,

5    and decorum required for the fair and efficient administration of justice.  The rule adopts the State

6    Bar Act, the Rules of Professional Conduct of the State Bar of California and applicable court

7    decisions as the standards of professional conduct in this district.  Under the State Bar Act, an

8    attorney may only use arguments and methods that "are consistent with truth, and [may] never

9    seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."

10   Cal. Bus. & Prof. Code § 6068(d).  And under the Rules of Professional Conduct, "[i]n presenting

11   a matter to a tribunal, a member: (A) Shall employ, for the purpose of maintaining the causes

12   confided to the member such means only as are consistent with truth; (B) Shall not seek to mislead

13   the judge, judicial officer, or jury by an artifice of false statement of fact or law; (C) Shall not

14   intentionally misquote to a tribunal the language of a book, statute, or decision ..."  Cal. Rules of

15   Professional Conduct, Rule 5–200.

16       These basic requirements of candor and honesty leave no room for playing games with the

17   facts.  They do not permit a lawyer to mention a technically true fact and then blow it out of all

18   proportion to mislead the Court.

19       The Court has broad discretion under 28 U.S.C. § 1927, Federal Rule of Civil Procedure

20   11, and its own inherent powers to impose sanctions for conduct inconsistent with the professional

21   standards and expectations required of all attorneys and their clients.  *Moser v. Bret Harte Union*

22   *High School*, 366 F.Supp.2d 944, 949-52 (E.D. Cal 2005).  Sanctions for the tactics discussed here

23   would be soundly within the Court's discretion.  *See Bell v. California*, No. C 01-0870 SBA, 2003

24   WL 23784808, at *13 (N.D. Cal. Aug. 26, 2003) (finding bad faith where counsel was not

25   "forthright" and "took pains to ensure that the statements that they made were not false, but their

26   statements were singularly misleading.").  However, the Court will not impose monetary or other

27   sanctions at this time.  The Court saw through the misrepresentations early in the case and denied

28   the motion to dismiss on that basis.  As a result, injury to plaintiffs, and to the integrity and

United States District Court
Northern District of California

3

1    fairness of the judicial process, were largely avoided.  Consequently, the Court dissolves the OSC

2    without formal sanctions, but advises all parties and counsel that it will watch the developments in

3    this case with a sharp eye for any other misconduct.

4            This does not mean that Court will simply overlook the troubling conduct here.  The Court

5    finds that the appropriate next step is to refer this matter to the District's Standing Committee on

6    Professional Conduct for further consideration and recommendation.  Civil Local Rule 11-6(a)(1).

7    This Court makes the referral.

8            **IT IS SO ORDERED.**

9    Dated: August 13, 2015

10

11   _____

12   JAMES DONATO
     United States District Judge

United States District Court
Northern District of California